UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. |
| v. | : | 3:04-cr-138(JCH) |
| | : | |
| | : | |
| CRAIG MOYE, | : | JANUARY 13, 2009 |
| Defendant. | : | |

**RESPONSE TO REMAND**

Pursuant to the procedures set forth in <u>United States v. Jacobson</u>, 15 F.3d 19, 21-2 (2d Cir 1994), the United States Court of Appeals for the Second Circuit issued a Summary Order, remanding the above referenced case to this court for the limited purpose of supplementing the record to clarify whether Moye was sentenced pursuant to United States Sentencing Guidelines § 4B1.1 or § 2D1.1.  For the following reasons the court answers that it used U.S.S.G. § 4B1.1 when determining Moye's sentence.

**I.   BACKGROUND**

   A.   Guilty Plea

Craig Moye was one of 50 defendants charged in an Indictment on April 24, 2004.  On March 22, 2005, he pled guilty to one count of conspiracy to possess with intent to distribute crack cocaine and was sentenced on October 13, 2005, to a term of imprisonment of 132 months.

B.    Sentencing

At sentencing,[1] the court first determined that, because the stipulated quantity of cocaine base was in excess of 500 grams but less than 1.5 grams, the base level was a 36.  Tr. at 4.  However, pursuant to the Plea Agreement, the court reduced the level to 30 because defendant was entitled to a minor role.  Id; see also § 2D1.1(a)(3). Because the defendant played a minor role, the court then reduced the base level an additional two points pursuant to § 3B1.2(b), which brought the adjusted offense level to a 28.[2]  Tr. at 4.

The court next considered Moye's criminal history and determined that Moye was a career offender pursuant to § 4B1.1(a).  Id.  Because Moye is considered a career offender, his adjusted offense level became a 37.  Id.  The government then motioned, pursuant to § 3E1.1(b), to reduce that level by one for timely acceptance of responsibility, id. at 4-5, and the court granted two additional points reduction for his timely plea, pursuant to § 3E1.1(a), id at 5.  This three point reduction brought the adjusted offense level to 34.  Id.  The guidelines sentence for an offense level of 34 and Criminal History Category VI was 262 to 327 months.  Id.

After determining the guidelines calculation, the court then heard arguments

---

[1] The court has reviewed the PSR, the transcript of sentencing, and its statement of reasons in connection with the remand.  In determining the guidelines range, the court used the 2003 guidelines Manual.

[2] The court determined Moye's Chapter Two offense level because it was required to do so.  See U.S.S.G. § 1B1.1(a) and (b).  That offense level became irrelevant when, in next considering Moye's criminal history, the court determined he was a career offender with an offense level higher than 28.

2

from Moye's counsel. Counsel argued for departures based on the overstatement of criminal history and extraordinary family circumstances. Id. at 9-20. The government objected to both of the defendant's motions for downward departure. Id. at 21.

The court first considered the extraordinary family circumstances. It determined that it would not depart on that ground. Id. at 29. However, the court then turned to overstatement of criminal history and found it appropriate to depart under United States v. Mishoe, 241 F.3d 214, 219 (2d Cir. 2001). Id. at 30. The court recognized that the guidelines § 4A1.3(b)(3)(A) limited the departure to one criminal history category, to category V. Id. Additionally, the court noted that it was not precluded from departing vertically. Id. After recognizing that there was a mandatory minimum of ten years in Moye's case, the court, in imposing the sentence, departed to a criminal history category V and then vertically to level 28 because of the overstated career offender application. Id. at 37. The court picked this level "because it contained the length of sentence [it] thought was appropriate under all of the Booker factors and . . . was an appropriate amount to depart in a vertical sentence."[3] Id. at 40. The court then imposed a sentence of 132 months. Id. at 37. That sentence was both a departed-guideline and Booker sentence.

---

[3] After 2003, with the passing of the PROTECT Act, the court was not permitted to depart vertically as it did in Moye's case.

## II.   DISCUSSION

It is clear to the court that Moye was sentenced pursuant to § 4B1.1. Once the court determined Moye's status as a career offender, it did not again refer to Chapter Two of the guidelines. It is clear to the court, from the record, that the departed to sentence had nothing to do with quantity or the type of substance Moye pled guilty to possessing, in this case, crack cocaine.

The court's Statement of Reasons is inartful, to say the least. The Statement of Reasons reads, "[t]he Court also departed downward based on the fact that the defendant was not considered a career offender and calculated his guidelines without the career offender enhancement." It is the court's belief, and best recollection, that it meant, in this portion of the Statement of Reasons, to reflect its judgment that, when the court reviewed the defendant's criminal history, it was not reflective of a person who violated the law on a "career" basis. Thus, while the defendant was a career offender under the guidelines, the court departed from the career offender guidelines based on that view. In other words, the court made a departure based on the fact that the career offender status "significantly over-represent[ed] the seriousness of the defendant's criminal history . . ." United States v. Mishoe, 241 F.3d 214, 219 (2d Cir. 2001)(citing U.S.S.G. § 4A1.3). While Moye clearly qualified as a career offender under Chapter Four, the court determined his criminal history was not so serious as to call for a sentence at the career offender level.

The court notes the preceding sentence in the Statement of Reasons: "[t]he

4

Court also departed down to 132 months based on Guideline § 4A1.3 in that the defendant's criminal history category over-represented the defendant's criminal history." This indicates to the court that the court departed from § 4B1.1 pursuant to defendant's request for a downward departure based on overstated criminal history pursuant to § 4A1.3.  While it departed to the guidelines level that was his drug-determined guidelines level, the court does not recall, and does not believe, that it did so because it was the drug-driven level.  While the court understands the confusion created by the above-quoted sentence in its Statement of Reasons, the court is confident, based on a thorough reading of the record and briefing from both parties, that Moye's sentence was imposed based on his career offender guidelines, § 4B1.1, and not his drug-based guidelines, § 2D1.1.

### III.    CONCLUSION

For the reasons stated herein, the court answers that it used U.S.S.G. § 4B1.1, not § 2D1.1, when determining Moye's sentence.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 13th day of January, 2009.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge